UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DEVLON L. DRIGGERS,**

    **Plaintiff,**

v.                                                    Case No. 04-C-0322

**ROBERT CARLSON,**
**JAMES SCHREFF, and**
**RODNEY BENDER,**

    **Defendants,**

## ORDER

Plaintiff, Devlon L. Driggers, who is incarcerated at the Jackson Correctional Institution, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on claims that the defendants denied him access to the courts. (May 20, 2004 Order). The defendants have filed a motion for summary judgment, which plaintiff opposes.[1] The motion is addressed herein.

**I.     Standard of Review**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F.

---

[1] On January 5, 2005, plaintiff filed a motion for an order denying the defendants' motion for summary judgment. His motion is supported by an affidavit and brief. I will construe these materials as plaintiff's opposition to the defendants' motion and deny his motion for an order as moot.

Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The burden of showing the needlessness of a trial – the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law – is upon the movant. In determining whether a genuine issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Therefore, all inferences are taken in the light most favorable to the nonmoving party. Matter of Wade, 969 F.2d 241, 245 (7th Cir. 1992).

## II.     Relevant Undisputed Facts

At the times relevant to this action, the defendants were employed by the Racine County Sheriff's Department – defendant Robert Carlson as the Sheriff of Racine County, defendant James Scherff as a Captain, and defendant Rodney Bender as a Lieutenant. (Affidavit of Robert Carlson [Carlson Aff.] ¶ 1; Affidavit of James Scherff [Scherff Aff. ¶ 1]; Affidavit of Rodney Bender [Bender Aff. ¶ 1]).

On September 3, 2002, plaintiff filed a civil lawsuit in the Eastern District of Wisconsin, 02-C-860, Driggers v. Graber. (Affidavit of Marianne Morris Belke [Belke Aff.] ¶¶ 3-7, Exs. A-D). The action was dismissed without prejudice for failure to prosecute by United States District Judge William C. Griesbach by order dated October 7, 2003. (Belke Aff. ¶ 4, Ex. A). Dismissal of case number 02-C-860 occurred prior to plaintiff's "re-

incarceration" at the Racine County Jail. See Belke Aff. ¶ 5, Ex. B (plaintiff's statement that he was "re-incarcerated" on December 1, 2003). Plaintiff states that his motion to reopen case number 02-C-860 action was denied, "in part," due to the claimed deprivation of legal materials by the defendants. (Complaint at 2-3).

Plaintiff made his first request for legal materials related to case number 02-C-860, on January 2, 2004. (Complaint at 3). Plaintiff's request was directed to defendant Bender, whom he informed "that [he] was involved in a civil litigation in the Eastern District of Wisconsin." Id. Plaintiff requested "case law" and expressed "the urgency of the situation." Id. After not receiving a response from defendant Bender, plaintiff informed defendant Scherff of his need for legal materials and Bender's failure to respond. Id. After further communications with defendants Bender and Scherff, plaintiff contacted defendant Carlson on January 25, 2004. Id. at 4. On January 27, 2004, plaintiff informed defendant Bender that he was seeking information to address "issues with the court in a criminal case [he] was involved in." Id. On February 3, 2004, plaintiff received some of the materials he had requested. Id. at 5. Plaintiff continued to contact the defendants between February 23 and 27, 2004, but states he did not receive a response or the requested legal materials. Id. at 6.

Defendant Carlson does not recollect requests for access to legal materials from plaintiff, but, had he received such a request from an inmate, it would be his practice and custom to assign defendant Scherff to investigate the request. (Carlson Aff. ¶¶ 3-4). Defendant Scherff received requests for legal materials from plaintiff, and it was his custom and practice to assign defendant Bender to investigate such requests. (Scherff Aff. ¶¶ 3-4).

3

Defendant Bender avers that plaintiff had access to annotated statutes at deputy stations by request. (Bender Aff. ¶ 3). Plaintiff indicated his desire for copies of case law. Id. at ¶ 4. To accommodate these requests, Corporation Counsel Matt McVey was given a list of requested cases, would retrieve the same from Westlaw and email the cases to the jail for plaintiff's use. Id. at ¶ 5, Ex. A. In about March 2004, during plaintiff's incarceration at the Racine County Jail, the jail was proceeding with installation of computers to permit inmates to conduct legal research. Id. at ¶¶ 7-9. During this process, plaintiff continued to receive cases from Corporation Counsel's office. Id. at ¶ 10. These requests were sometimes voluminous. See id. at ¶¶ 6, 11.

On March 12, 2004, plaintiff filed a motion to reopen case number 02-C-860. (Belke Aff. ¶ 5, Ex. B). In seeking to reopen that action, plaintiff informed Judge Griesbach that his incarceration at the Racine County Jail began in December 2003. (Belke Aff. ¶ 5, Ex. B). On March 18, 2004, Judge Griesbach denied plaintiff's motion as failing to assert a basis for relief under Fed. R. Civ. P. 60(b)(6). (Belke Aff. ¶ 7, Ex. D). Judge Griesbach concluded that the dismissal without prejudice was not unjust because of the weakness of plaintiff's case, the delay of five months between dismissal of the action and the filing of the motion to reopen, and the nine months during which plaintiff was "essentially absent from [the] action." Id.

### III. Analysis

The defendants assert that plaintiff cannot make a prima facie showing that he was denied access to the courts. Prisoners have a due process right of access to the courts and must be given a reasonably adequate opportunity to present their claims. Bounds v. Smith,

4

430 U.S. 817, 825 (1977). Success on plaintiff's claims requires him to establish that he was denied access to an adequate law library or assistance from someone trained in the law. Id. at 828. However, "[b]ecause Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 347 (1996). Rather, plaintiff "must [also] demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.

Dismissal of case number 02-C-860 in October 2003, occurred before plaintiff was re-incarcerated. It resulted from the inability of the clerk's office to locate plaintiff for four months. (Belke Aff. ¶ 4, Ex. A). Noting that plaintiff had failed in his responsibility to provide updated contact information to the court, and concluding that plaintiff had "evidenced a lack of interest in pursuing his litigation," Judge Griesbach dismissed the action for failure to prosecute. Id.

Thus, as plaintiff's action was dismissed without prejudice prior to his confinement at the Racine County Jail, the initial dismissal of plaintiff's action cannot be the result of conduct by the defendants. Rather, the present action concerns the denial of plaintiff's motion to reopen case number 02-C-860.

Plaintiff did not file a motion to reopen his action during the two months after dismissal of his action and prior to his re-incarceration. It is undisputed that he did not begin researching his motion to reopen until January 2004. Thus, plaintiff's claim can only be premised on alleged deficiencies of the legal resources available to him at the Racine

5

County Jail between January 2 and March 12, 2004 – the dates which he began researching his motion to reopen and filed the motion.

As noted earlier, deficient legal resources must be accompanied by an actual injury to result in a constitutionally actionable denial of access to the courts. This requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an absolute deprivation of access to all legal materials." Lewis, 518 U.S. at 353 n.4.

Between January 2 and March 12, 2004, plaintiff apparently claims that he did not receive timely responses to his requests for case law. He does, however, note that he received some of the requested materials on February 2, 2004. (Complaint at 5). Defendant Bender avers that the defendants accommodated plaintiff's requests, which occasionally exceeded 30 cases per request and required reams of paper to print out. (Bender Aff. ¶¶ 6, 11).

Even assuming, for the purposes of resolving the defendants' motion, that delay in the system relied upon by the defendants of retrieving cases for plaintiff through Corporation Counsel was constitutionally deficient, plaintiff must still demonstrate that this deficiency resulted in actual injury. Failure to identify some detriment that is linked to an adverse decision in, or inability to litigate, a case "is fatal . . . under any standard of sufficiency." Martin v. Davies, 917 F.2d 336, 340 (7th Cir. 1990) (giving as examples of prejudice "court dates missed" and "inability to make timely filings"). Alone, delay and inconvenience do not rise to a constitutional deficiency. Campbell v. Miller, 787 F.2d 217, 229 (7th Cir. 1986).

When plaintiff ultimately filed a motion to reopen his action on March 12, 2004, it was denied by Judge Griesbach as failing to assert a basis for relief under Fed. R. Civ. P.

6

60(b)(6). (Belke Aff. ¶ 7, Ex. D). Judge Griesbach concluded that the dismissal without prejudice was not unjust because of the weakness of plaintiff's case, the delay of five months between dismissal of the action and the filing of the motion to reopen, and the nine months during which plaintiff was "essentially absent from [the] action." Id.

Plaintiff has not established that any delay by the defendants in providing him with case law resulted in denial of his motion to reopen. Judge Griesbach determined that dismissal without prejudice was not unjust under Rule 60(b) based on the weakness of plaintiff's case and plaintiff's total failure to prosecute his action for nine months, during most of which time, he was unincarcerated. Even plaintiff concedes that the defendants affected the "process of attempting to reopen" only "in part." (Complaint at 3). Further, case number 02-C-860, was dismissed without prejudice, thus plaintiff could have brought his action again after his motion to reopen was denied. No reasonable jury could conclude on the facts presented that plaintiff both received constitutionally inadequate legal resources and that such deficient resources caused him an actual injury. Thus, the defendants are entitled to summary judgment.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (docket # 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order denying the defendants' summary judgment motion (docket # 26) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29 day of August, 2005.

/s_____
LYNN ADELMAN
District Judge

8