UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEVLON L. DRIGGERS,

      Plaintiff,

      v.                                  Case No. 04-C-322

ROBERT CARLSON, JAMES SCHREFF,
and RODNEY BENDER,

      Defendants.

## DECISION AND ORDER

On March 31, 2004, plaintiff Devlon L. Driggers lodged a pro se civil rights action pursuant to 42 U.S.C. § 1983. By order of August 29, 2005, I granted defendants' motion for summary judgment and denied plaintiff's motion for summary judgment as moot. On that same day, the action was dismissed and judgment was entered in defendants' favor. Currently before me are: (1) plaintiff's motion to alter or amend the judgment; and (2) defendants' request for costs. I will address each herein.

### I. Plaintiff's Motion to Alter or Amend the Judgment

Plaintiff seeks to alter or amend the August 29, 2005, judgment dismissing this case. Specifically, he asserts that an amendment is warranted on the following grounds: (1) the court failed to address his allegation that he was prevented from filing an interlocutory appeal in his criminal case; and (2) the court erred when it dismissed plaintiff's motion for summary judgment as moot. In response, defendants contend that Fed. R. Civ. P. 59(e) (which plaintiff cites in support of his motion to alter or amend) does not allow a party to seek review of a grant of summary judgment.

Plaintiff filed this civil rights claim on March 31, 2004. Subsequently, on May 20, 2004, he was permitted to proceed on claims that defendants violated his right of access to the courts in his criminal and civil rights cases. Specifically, he asserted that defendants' failure to provide him with legal research materials resulted in the dismissal of his civil rights action and prevented him from challenging certain issues in his criminal case.

On August 30, 2005, I granted defendants' motion for summary judgment because plaintiff's civil rights case, Driggers v. Graber, Case No. 02-C-860, (E.D. Wis.), was dismissed before plaintiff was re-incarcerated and plaintiff failed to establish that defendants' actions prevented him from filing a motion to reopen the case. In the order of August 30, 2005, plaintiff's allegations concerning his criminal case were inadvertently overlooked and this is the basis of his motion for reconsideration.

Defendants have asserted that plaintiff's motion should be denied because Fed. R. Civ. P. 59(e) does not allow for reconsideration of a grant of summary judgment. Notably, defendants do not cite any legal authority in support of their proposition. Further, the Court of Appeals for the Seventh Circuit has held that any post-judgment substantive motion made within 10 days of the judgment is deemed a Rule 59(e) motion. Herzog Contracting Corp. v. McGowen Corp., 976 F.2d 1062, 1065 (7th Cir. 1992). In this case, judgment was entered on August 29, 2005, and plaintiff's motion to alter or amend the judgment was filed on September 8, 2005. Thus, plaintiff's Rule 59 (e) motion was timely filed within ten days of the entry of judgment. See Fed.R.Civ.P. 59(e). Accordingly, his request is properly considered a Rule 59(e) motion.

Under Rule 59(e), a court may alter or amend a judgment if: (1) the movant can demonstrate a manifest error of law or fact; (2) the movant presents newly discovered and

previously unavailable evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., Federal Practice and Procedure, § 2810.1, at 125-27 (1995); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.") Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. Moro, 91 F.3d at 876; Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Plaintiff contends that he is entitled to reconsideration of the August 30, 2005, judgment because the court neglected to address his claim that he was denied access to the courts in his criminal case. However, plaintiff has not demonstrated that issuance of an amended judgment is warranted. That is, a review of plaintiff's summary judgment materials reveals that his access to the courts claim fails for several reasons.

Prisoners have a due process right of access to the courts and must be given a reasonably adequate opportunity to present their claims. Bounds v. Smith, 430 U.S. 817, 825 (1977). Success on plaintiff's claims requires him to establish that he was denied access to an adequate law library or assistance from someone trained in the law. Id. at 828. However, "[b]ecause Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing

3

that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 347 (1996). Rather, plaintiff "must [also] demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.

Plaintiff asserts that his right of access to the courts was violated because he was prevented from timely filing an interlocutory appeal in his criminal case. (Pl.'s Mot. for Reconsideration at 1). Specifically, he contends that he did not have counsel to represent him during his criminal proceedings and that defendants deprived him of access to legal materials. (Pl.'s "Brief in Support of Motion in Opposition of Defendants' Motion for Summary Judgment" at 6). Plaintiff concedes, however, that he received some of his requested legal materials. (Complaint at 5). Notably, he has not explained how the materials he received were so deficient as to cause him to miss the deadline for filing an interlocutory appeal.

Assuming that plaintiff's legal materials were deficient, plaintiff has failed to prove that he suffered a detriment as a result. Lewis, 518 U.S. at 347. Indeed, the only evidence he has provided in support of his claim is a copy of the docket sheet from his criminal case, State v. Driggers, Racine County Case Number 03-CF-1325. (Pl.s' "Brief in Support of Motion in Opposition of Defendants' Motion for Summary Judgment," Ex. H). Plaintiff's exhibit does not demonstrate that he attempted to and was prevented from filing an interlocutory appeal.

At the summary judgment stage, neither party may rest on mere allegations or denials in the pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572

4

(1989). In the present case, plaintiff allegations concerning denial of access to the courts in his criminal case are just that - allegations. Tarpley v. Allen County, Ind., 312 F.3d 895, 899 (7th Cir 2002) (noting that allegations of a "theoretical problem" cannot show the kind of concrete injury Lewis calls for at the summary judgment stage). Accordingly, plaintiff has not shown that the entry of summary judgment in defendants' favor was in error.

Plaintiff further contends that the court erred when it dismissed his summary judgment motion as moot. (Plaintiff's Mot. for Reconsideration at 2). Specifically, he contends that the issue of whether he had suffered a constitutional injury in his criminal case is still "live" and that a case can never be denied as moot where a plaintiff has asked for monetary damages. Id. In support of his contention, plaintiff relies on Lewis v. Casey, 518 U.S. 343 (1996), Holstein v. City of Chicago, 29 F.3d 1145 (7th Cir. 1994), and Stewart v. Taylor, 104 F.3d 965 (7th Cir. 1997). However, none of these cases held that a motion for summary judgment cannot be denied as moot where there has been a demand for monetary damages.

Plaintiff's motion for summary judgment was denied as moot because defendants' motion for summary judgment was granted. That is, once summary judgment was entered in defendants' favor, the claims presented in plaintiff's motion were no longer at issue. See Murphy v. Hunt, 455 U.S. 478, 481 (1982)(a case becomes moot when the issues presented are no longer "live")(internal citations omitted). Based on the foregoing, plaintiff's motion for reconsideration will be denied.

5

## II. Defendants' Request for Costs

On September 14, 2005, defendants submitted a proposed bill of costs for expenses they incurred in defending this action. Specifically, they have requested that plaintiff pay them $34.35 in fees and disbursements for printing. There is a strong presumption in favor of awarding costs to a prevailing party. See Fed. R. Civ. P. 54(d)(1). Although the presumption may be overcome by a showing of indigency, McGill v. Faulkner, 18 F.3d 456 (7th Cir. 1994); Badillo v. Cent. Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983), it is the losing party's burden to show why costs should not be imposed. Popeil Bros., Inc. v. Schick Elec., Inc., 516 F.2d 772, 776 (7th Cir. 1975); McGill, 18 F.3d at 459.

Federal Rule of Civil Procedure 54(d), which authorizes the imposition of costs on non-prevailing parties, applies to proceedings in forma pauperis. Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998)(citing McGill, 18 F.3d at 459) ("all § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible."). At the time Congress enacted the Prison Litigation Reform Act, it rewrote 28 U.S.C. § 1915 to provide expressly,

> (1) Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings...
>
> (2)(A) If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered.
>
> (B) The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2)
>
> (C) In no event shall the costs collected exceed the amount of the costs ordered by the court.

6

Case 2:04-cv-00322-LA   Filed 09/26/06   Page 6 of 7   Document 50

By letter of September 14, 2005, I advised plaintiff to submit any opposition to defendants' request on or before September 28, 2005. Subsequently, on September 22, 2005, plaintiff filed a letter indicating that he opposed defendants' bill of costs and informing the court that he would file a brief in opposition to defendants' request in the future. No brief was filed. Thus, I find that he has failed to overcome the presumption that defendants should be awarded costs in this action. Accordingly, plaintiff shall be required to pay defendants $34.35 in costs for fees and disbursements for printing.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion to alter or amend the judgment (Docket #40) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay defendants $34.35 in costs for fees and disbursements for printing.

Dated at Milwaukee, Wisconsin, this 26 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge